# UNITED STATES of America, Plaintiff—Appellee,

v.

## William Douglas LOVE, Defendant—Appellant.

No. 02–10054.

D.C. No. CR 01–124 MMC.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 13, 2003.

Decided Jan. 29, 2003.

Before HUG, ALARCÓN, and GRABER, Circuit Judges.

## MEMORANDUM *

Defendant–Appellant William Love appeals from the district court's denial of his motion to suppress a firearm found in his possession. We review the validity of a warrantless search de novo. *United States v. Johnson,* 256 F.3d 895, 905 (9th Cir.2001) (en banc) (per curiam).

The district court held an evidentiary hearing regarding Love's motion to suppress a firearm seized prior to his arrest. Officer Machi, one of the arresting officers, testified at the evidentiary hearing regarding the sequence of events leading to the discovery of the gun. He testified that he asked Love if he could talk to him for a minute. Love stopped walking and dropped a black bag that he was carrying. Officer Machi patted Love down for weapons. While doing so he asked Love if he had a gun. Officer Machi testified that Love replied that he had a gun and that it

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

was in the black bag. A search of the bag revealed a loaded nine-millimeter firearm.

Love contends that the district court erred in adopting Officer Machi's account of this encounter without permitting Love to testify, in spite of several requests to do so. We agree Love was entitled to present his testimony at the evidentiary hearing because there was "a dispute concerning issues of fact relevant to the legality of the search." *United States v. DiCesare*, 765 F.2d 890, 896 (9th Cir.1985), *amended by* 777 F.2d 543 (9th Cir.1985).

Love asserts that he was entitled to testify at the evidentiary hearing regarding whether, before the search of the bag, (1) he was ordered (as distinct from asked) to stop and answer questions and (2) he told Officer Machi that he had a gun or that the gun was in the bag. The court denied the request.

In denying the motion to suppress, the court did not consider the evidence that Love was prepared to present regarding the sequence of events leading to the discovery of the gun, and regarding whether his statement was voluntary or the result of coercive police conduct. Without the defendant's testimony, it was a violation of Love's right to due process for the district court to determine which version of the facts was credible. Therefore, the record as it stands is insufficient for this court to determine de novo whether the encounter was consensual and thus resulted in a voluntary inculpatory statement, *see Florida v. Bostick*, 501 U.S. 429, 433, 111 S.Ct. 2382, 115 L.Ed.2d 389 (1991) (reiterating the rule that a seizure within the meaning of the Fourth Amendment "does not occur simply because a police officer approaches an individual and asks a few questions"); *United States v. Low*, 887 F.2d 232, 234 (9th Cir.1989) (stating that "[l]aw enforcement officers do not violate the fourth amendment by approaching an individual in a public place, 'by asking him if he is willing to answer some questions, [and] by putting questions to him if the person is willing to listen'") (quoting *Florida v. Royer*, 460 U.S. 491, 497, 103 S.Ct. 1319, 75 L.Ed.2d 229 (1983)), or whether, and at what point, the encounter implicated the Fourth Amendment, *see United States v. Ayarza*, 874 F.2d 647, 650 (9th Cir.1989) (explaining that a consensual "conversation may evolve into a situation where the individual's ability to leave dissipates" and may only be justified under the Fourth Amendment "by the presence of reasonable suspicion").

Accordingly, we VACATE the district court's denial of the motion to suppress and REMAND with instructions that the district court conduct an evidentiary hearing allowing both sides to present relevant testimony and then make findings to support its conclusions regarding the question whether the seizure of the firearm violated the Fourth Amendment.